[Cite as *Cleveland v. Sowders*, 2018-Ohio-1632.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105946

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**RYAN SOWDERS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 CRB 009154

**BEFORE:** Stewart, J., E.A. Gallagher, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** April 26, 2018

**ATTORNEYS FOR APPELLANT**

Walter H. Edwards, Jr.
Henry J. Hilow
McGinty, Hilow & Spellacy Co., L.P.A.
614 West Superior Ave., Suite 1300
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law

Bryan Fritz
Assistant City Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} The court, sitting without a jury, found defendant-appellant Ryan Sowders, a police officer, guilty of misdemeanor assault and interfering with civil rights for using a "closed-hand strike" on a victim who had been handcuffed and pinned to the ground. Sowders argues on appeal that the court's verdict is against the manifest weight of the evidence because he was legally justified to use reasonable force in the course and scope of his duties as a police officer and that he applied the closed-hand strike consistent with police department policy regarding noncompliant arrestees.

{¶2} We evaluate the weight of the evidence supporting a conviction by reviewing the entire record, the evidence and reasonable inferences derived from the evidence, and the credibility of the witnesses to decide whether the trier of fact clearly lost its way such that the conviction results in a manifest miscarriage of justice. *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 328. This is a highly deferential standard of review that recognizes that the trier of fact is in the best position to view the witnesses and evidence and has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

{¶3} The evidence showed that the police received an emergency call reporting gunshots fired. The police responded, discovered the victim hiding in overgrown weeds, and pursued him on a foot-chase that crossed a busy interstate highway. The victim eventually ran into the backyard of a house, disrupting a child's birthday party. One of the partygoers tried to physically remove the victim from the yard. The victim's efforts to break free detained him long enough that the police were able to arrive on the scene and capture him. Body camera video from one of the police officers showed that in order to handcuff the victim, Sowders squatted on

the victim's back and used his knee to pin the victim's face to the ground while a second officer held the victim's feet. The video then showed that Sowders reared his arm back and struck the handcuffed victim in the side of his head. Sowders admitted striking the victim with a "closed-hand strike" consistent with his training to ensure a suspect's compliance and control.

{¶4} The great deference we must show to factual determinations made by the trier of fact so limits our review of the evidence in this case that we cannot find that the court lost its way by finding Sowders guilty of assault. We acknowledge Sowders's assertion that "a police officer is justified at common law to use reasonable force in the course and scope of his law enforcement duties." *See State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 939, ¶ 17. That point of law is not open to dispute. The issue before us is whether the court lost its way by finding that the evidence showed that Sowders's "closed-hand strike" was an unreasonable use of force to arrest the victim under the circumstances of this case. *See Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (holding that assessing the reasonableness of force used during an arrest "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue").

{¶5} Police officers testified to the seriousness of a call for "shots fired." The police officers also testified that they had been trained to assume that a suspect whom they believed had discharged a firearm might have more than one weapon that could be reached regardless of whether the suspect had been handcuffed. While these were compelling concerns in favor of the reasonableness of Sowders's conduct, the court's guilty verdict implicitly found those concerns were no longer present under the circumstances. The video showed that the victim had been handcuffed and was pinned to the ground by two officers before Sowders struck him. The court

could view the video as showing that the victim was no longer struggling to resist arrest and had been physically subdued before Sowders struck the victim.

{¶6} Sowders also argues that he believed the victim was armed, thus justifying his use of force.

{¶7} While the evidence showed that the victim had no weapon on him when arrested (he apparently tossed it during the foot chase), the officers were operating under training that told them to assume that a suspect might carry more than one weapon. Nevertheless, the court's guilty verdict could be viewed as concluding that the victim, having been handcuffed behind his back and pinned face-down to the ground by two officers, posed no threat of reaching for a hidden weapon. The video played to the court did not show the victim making any movements indicating that he was reaching for a weapon. It was within the court's province as trier of fact to view the video as proof that it was unreasonable under the circumstances for Sowders to believe that the victim was reaching for a weapon such that the strike to the head was necessary pursuant to Sowders's training as a police office. An appellate court cannot substitute its judgment for the trial court, nor can we find here that the trier of fact clearly lost its way such that the conviction results in a manifest miscarriage of justice. The assigned error is overruled.

{¶8} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, A.J., CONCURS;
FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY